AO 91 (Rev. 08/09)  Criminal Complaint

United States District Court
Southern District of Texas
FILED

JUN 28 2018

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

| | |
|---|---|
| United States of America<br>v.<br><br>Cristian Guillermo BAUTISTA-REYES<br>DOB: 1995  Citizenship: Mexico<br><br>*Defendant(s)* | )<br>)<br>)  Case No. M-18-1325-M<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   June 27, 2018   in the county of   Hidalgo   in the   Southern   District of   Texas  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession With Intent to Distribute a Controlled Substance/Approximately 75.14 Kilograms of Cocaine, a Schedule II Controlled Substance. |
| 21 U.S.C. § 952 | Illegal Importation of a Controlled Substance/Approximately/Approximately 75.14 Kilograms of Cocaine, a Schedule II Controlled Substance. |

This criminal complaint is based on these facts:

SEE ATTACHMENT "A"

✓ Continued on the attached sheet.

_____
Complainant's signature

Jesus Palomo  HSI Special Agent
*Printed name and title*

approved by
AUST JK

Sworn to before me and signed in my presence.

Date:   June 28, 2018
             8:57 am

_____
Judge's signature

City and state:   McAllen, Texas          U.S. Magistrate Judge Peter C. Ormsby
                                         *Printed name and title*

**Attachment A**

1. The purpose of this affidavit is in support of a complaint to arrest Cristian Guillermo BAUTISTA-Reyes, a Mexican National, for violations of 21 USC 841(a)(1) (Possession with intent to Distribute a Controlled Substance) and 21 USC 952 (Illegal Importation of Controlled Substance). The information in this affidavit is based on personal knowledge and information provided to me by other law enforcement officers and individuals. The information in this affidavit is provided for the limited purpose of establishing probable cause. The information is not a complete statement of all the facts related to this case.

2. On June 27, 2018, defendant Cristian Guillermo BAUTISTA-Reyes entered the United States through the Progreso, Texas Port of Entry operating a 2005 International tractor bearing Mexico license plates 12EM6A, which was pulling a flatbed empty trailer bearing Mexico plate number A1025N. The tractor was registered to Edelmiro Melendez Herebia.

3. At the Progreso Port of Entry, BAUTISTA presented a B1/B2 visa border crossing card, along with paperwork describing the empty trailer that he was bringing into the United States to Customs and Border Protection (CBP) officers.

4. As BAUTISTA and his vehicle approached the Point of Entry, Customs and Border Protection (CBP) Officers reported that BAUTISTA started to drive the tractor trailer in a "jolting" manner. This led the officers to believe that the driver was doing it intentionally to prevent the scanner from scanning the tractor trailer effectively. During the "jolting" the tractor trailer collided with a concrete beam near the checkpoint. At that point, CBP Officers had a mobile x-ray unit scan the tractor trailer. An X-ray of the trailer revealed what appeared to be anomalies on the driver's side of the cabin. A narcotics detection dog was deployed and alerted to the presence of the odor of narcotics in the interior of the cabin walls, just behind the driver's seat. The K-9 CBP Officer removed a vent in the area where the dog had alerted and immediately observed multiple rectangular "bricks" wrapped in black tape.

5. CBP officers removed approximately 60 packages from the interior walls of the tractor cabin. The total weight of the packages was 75.14 kilograms. One of the "bricks" was cut open and a white powdery substance which tested positive for the properties of cocaine was extracted.

6. Homeland Security Investigations (HSI) Special Agent (SA) Jesus Palomo advised BAUTISTA of his Miranda warnings in the Spanish language, which he stated he understood and waived in writing.

7. Post Miranda, BAUTISTA stated that he was contracted by "Beli", a coordinator for the "MEL-HER" trucking company, to drop an empty trailer off just north of the Progreso POE of entry. During the interview, BAUTISTA gave several different versions of how he was contracted to transport the empty trailer to the United States. SA Palomo explained to BAUTISTA that it would be in his best interest to be honest and cooperate. Several times during the interview, BAUTISTA stated, "If I give you information, how can you help me."

8. During the interview, SA Palomo asked BAUTISTA about how he was hired and who his employers were. BAUTISTA was unable to provide basic information about his employment. He was not able to give his supervisor's name, fellow employee's names and stated that he only knew nicknames for everyone employed at "MEL-HER". The name "Beli" that he provided during the interview was the nickname of the coordinator that had him transport the trailer to the United States. Several times SA Palomo asked BAUTISTA if he was concealing information about operations conducted by "MEL-HER" and several times BAUTISTA did not reply and just remained quiet. BAUTISTA never denied the fact that he was concealing information about the individuals that asked him to transport the empty trailer.

9. BAUTISTA displayed nervous signs throughout the interview and became extremely nervous every time SA Palomo asked him about his coordinator. BAUTISTA would look at SA Palomo and then he would look down. He continuously rubbed his hands together and sighed as if he wanted to speak, but would then rub his face and hair and then hang his shoulders and look down. BAUTISTA would continuously ask how SA Palomo could help him if he provided information.

10. HSI SA Palomo placed BAUTISTA under arrest for violations of 21 USC sections 841 and 952.